# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MOHAMMED S., et al, | Case No. 20-CV-783 (NEB/ECW) |
| Petitioners, | |
| v. | AMENDED ORDER ACCEPTING REPORT AND RECOMMENDATION |
| LESLIE TRITTEN, MATTHEW T. ALBENCE, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, CHAD WOLF, WILLIAM P. BARR, and JOEL BROTT, | |
| Respondents. | |

Petitioners are U.S. Immigration and Customs Enforcement detainees who have filed a motion for a temporary restraining order or, in the alternative, for a preliminary injunction requiring Respondents to release them from their present detention at the Sherburne County Jail. (ECF No. 43 ("Motion").) In an April 28, 2020 Report and Recommendation, United States Magistrate Judge Elizabeth Cowan Wright recommended that Petitioners' motion be denied without prejudice. (ECF No. 94 ("R&R").) Petitioners[1] and the Federal Respondents filed objections to the R&R, and all parties responded to the opposing parties' objections. (ECF Nos. 98, 99, 104–107.)

---

[1] Petitioners represent that as of May 1, 2020, 38 of the initial 62 Petitioners remain in custody. (ECF No. 98 at 7.) Since then, at least one additional Petitioner has been released. (ECF No. 124.)

According to statute, the Court must conduct a *de novo* review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b)(3). Based on that *de novo* review, and for the reasons that follow, the Court overrules the parties' objections, accepts the R&R, and denies the motion.

The R&R is thorough and well-reasoned, and the Court agrees with both its analysis and its conclusion. A few issues warrant further explanation. First, it is important to recognize that the Court, in considering Petitioners' motion for release, is not writing on a blank slate. To the extent the petition and motion for injunctive relief challenge discretionary detention decisions by immigration judges, this Court lacks jurisdiction to consider Petitioners' requests. See 8 U.S.C. §§ 1226(a), 1226(e), 1252(a)(2)(B)(ii); (R&R at 40–41). Immigration judges have broad discretion in deciding whether to release a detainee on bond. *See Nielsen v. Preap*, 139 S. Ct. 954, 959–60 (2019) (Section 1226(a) "generally gives the Secretary [of Homeland Security] the discretion either to detain the alien or to release him on bond or parole.").[2] Petitioners assert a claim outside of that decision chain, presenting a constitutional question. *See Mohamed v. Sec'y Dep't of*

---

[2] The Supreme Court recently summarized how § 1226(a) generally permits an alien to seek release: "If the alien is detained, he may seek review of his detention by an officer at the Department of Homeland Security and then by an immigration judge (both exercising power delegated by the Secretary)." *Nielsen*, 139 S. Ct. at 959–60. "[T]he alien may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Id.* at 960.

*Homeland Sec.*, 376 F. Supp. 3d 950, 954 (D. Minn. 2018) ("On habeas review . . . this Court may decide whether [a detainee's] continued detention violates his constitutional due process rights."). Petitioners argue that continued detention is unconstitutional due to the COVID-19 pandemic, and as Judge Wright explains, the constitutional analysis requires Petitioners to demonstrate a likelihood of success on the question of whether Respondents were deliberately indifferent to their serious medical needs and safety. The R&R assiduously addresses this standard and the evidence presented. (R&R at 50–62.) It correctly concludes that Petitioners have not made the required showing, and therefore their motion must be denied.

Second, there is a legitimate issue over whether this case is appropriately brought under habeas jurisdiction; the Federal Respondents argue it is not. (ECF No. 99 at 2.) Before the COVID-19 pandemic and the significant case law that has developed in its wake, the Eighth Circuit held that as a general matter, habeas proceedings are not available to challenge conditions of confinement. *Spencer v. Haynes*, 774 F.3d 467, 469–70 (8th Cir. 2014). And the Eighth Circuit did not do so lightly; it recognized a significant circuit split on this issue. *Id*. at 470–71. Since the pandemic, a wave of cases in circuits with precedent on both sides of this issue have struggled with the correct procedural

vehicle to use for pandemic-driven constitutional claims by ICE detainees requesting release.³

It appears to this Court that habeas jurisdiction is appropriate and outside the holding of *Spencer*, which specifically noted that the petitioner there did not "seek a remedy that would result in an earlier release from prison." 774 F.3d at 469. Treatment of this case under habeas jurisdiction is not, as the Federal Respondents suggest, merely due to the "unique and unprecedented dilemma that the COVID-19 pandemic presents." (ECF No. 99 at 2 (quoting R&R at 44).) Instead, the use of habeas jurisdiction comes from the relief sought by Petitioners and analogous case law. As Judge Wright notes, the plain language of 28 U.S.C. § 2241 states that a writ of habeas corpus under § 2241 shall not extend to an individual unless "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." (R&R at 45 (quoting 28 U.S.C. § 2241(c)(3)).) Petitioners'

---

³ *Compare, e.g., Favi v. Kolitwenzew*, No. 20-CV-2087, 2020 WL 2114566, at *6 (C.D. Ill. May 4, 2020) (noting that "in most circumstances, the Seventh Circuit has found that a claim of unconstitutional conditions of confinement or failure to provide medical treatment would not entitle a Petitioner to release," but that "[c]ourts across the country addressing similar claims of civil immigration detainees during the COVID-19 pandemic have found that such a claim can proceed in a habeas corpus petition.") (collecting cases), *with Betancourt Barco v. Price*, No. 2:20-CV-350-WJ-CG, 2020 WL 2099890, at *6 (D.N.M. May 1, 2020) ("Plaintiffs do not allege that the fact that they are detained for removal proceedings or that the length of their detention is illegal. Accordingly, the Court finds that Plaintiffs are challenging the conditions of their detention, as opposed to its fact or duration, which is not appropriate under 28 U.S.C. § 2241."), *and Matos v. Lopez Vega*, No. 20-CIV-60784-RAR, 2020 WL 2298775, at *6 (S.D. Fla. May 6, 2020) ("Given that Petitioners are seeking to contest the conditions of their confinement, they cannot avail themselves of a petition for writ of habeas corpus.").

argument is not a request to change conditions of their confinement to lessen the danger of the pandemic; instead, their argument is that the Sherburne County Jail ("SCJ") has violated the Constitution because it "cannot prevent an outbreak of COVID-19," no matter the protective measures taken. (ECF No. 45 at 16; *see* ECF No. 68 at 4 ("Petitioners are not challenging the conditions of their confinement but challenging the very fact of confinement itself.")) In such situations, where the relief requested is release, and the argument is that confinement itself is unconstitutional, this Court agrees that it has the authority to release individuals from custody through a § 2241 petition. *See, e.g., Awshana v. Adduci*, No. 20-10699, 2020 WL 1808906, at *1–*2 (E.D. Mich. Apr. 9, 2020) (treating a request for release due to COVID-19 as a habeas petition because the petitioners argued

that "the only remedy that will vindicate their due process right under the Fifth Amendment is release from custody").[4][5]

---

[4] The *Awshana* Court determined that habeas jurisdiction was appropriate even though the Sixth Circuit, like the Eighth, recognizes generally that Section 2241 "is not the proper vehicle for a prisoner to challenge conditions of confinement." 2020 WL 1808906, at *1 (quoting *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013)); *see Spencer*, 774 F.3d at 471 (concluding that a habeas petition is not the proper avenue to remedy constitutional claims relating to conditions of confinement). *See also, e.g., Eissen v. Barr*, No. 20-cv-1034-WJM, 2020 WL 1974761, at *3 (D. Colo. Apr. 24, 2020) (finding that where a detainee "is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus" (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)); *Engelund v. Doll*, No. 4:20-CV-00604, 2020 WL 1974389, at *7 (M.D. Pa. Apr. 24, 2020) (acknowledging that while Supreme Court and Third Circuit precedent on this issue is limited, numerous courts within its district had examined whether individuals may seek release from custody through a § 2241 petition, and concluded that such relief was appropriate); *Malam v. Adducci*, No. 20-10829, 2020 WL 1672662, at *4 (E.D. Mich. Apr. 5, 2020), *as amended* (Apr. 6, 2020) (finding petitioner's claim was properly brought under § 2241 where she asserted that "no matter what steps are taken," no facility could hold her constitutionally).

[5] In addition, the Court notes that Petitioners have put forward an alternative ground for jurisdiction—a cause of action under 28 U.S.C. § 1331. (ECF No. 19 ¶ 62.) Other courts addressing similar petitions have recognized this ground, and Respondents here have not contested it. *E.g., Urdaneta v. Keeton*, No. CV2000654PHXSPLJFM, 2020 WL 2319980, at *7 (D. Ariz. May 11, 2020) ("Even if the Court were to lack jurisdiction to review Petitioners' claims under § 2241, Petitioners have alternatively pleaded a cause of action under the Fifth Amendment for injunctive and declaratory relief, over which the Court would have jurisdiction under 28 U.S.C. § 1331, as an equitable cause of action under the Constitution."); *Malam*, 2020 WL 1672662, at *4 ("Should Petitioner's habeas petition fail on jurisdictional grounds, the Fifth Amendment provides Petitioner with an implied cause of action, and accordingly 28 U.S.C. 1331 would vest the Court with jurisdiction.").

Even if habeas jurisdiction is lacking, the R&R should be accepted nonetheless,[6] because it correctly concludes that Petitioners have not demonstrated sufficient likelihood of success on the merits of their claims. Most importantly, Petitioners have failed to demonstrate that Respondents have acted with deliberate indifference to their medical care and reasonable safety or engaged in unlawful punishments for the purposes of their due process claims. (R&R at 50–62.)

The final issue meriting further comment is Petitioners' objection to the R&R based on their assertion that the SCJ has made a "deliberate decision not to test inmates or staff for COVID-19." (ECF No. 98 at 11.) As the SCJ makes clear, testing supplies are limited everywhere, the SCJ has followed the Minnesota Department of Health ("MDH") guidelines for testing, and these guidelines are influenced by national shortages of testing supplies. (ECF No. 105 at 3–6.) Moreover, the SCJ notes that Minnesota's testing capacity is increasing, and that the SCJ has received additional tests; the SCJ attests that it will

---

[6] Because of the unclear landscape of the use of habeas jurisdiction in these circumstances, courts concluding that habeas jurisdiction is inappropriate have nonetheless ruled on the merits of requests for injunctions, in part because of the emergency nature of the relief sought. *See, e.g., Sacal-Micha v. Longoria*, No. 1:20-CV-37, 2020 WL 1518861, at *4 (S.D. Tex. Mar. 27, 2020) (rejecting argument that habeas jurisdiction is appropriate, but addressing the merits nonetheless, determining that the claim is not likely to succeed in the absence of a showing of deliberate indifference to the detainees' medical needs); *Toure v. Hott*, No. 1:20-CV-395, 2020 WL 2092639, at *9 (E.D. Va. Apr. 29, 2020) (holding § 2241 did not apply to detainees' claims; "[i]n addition, and in the alternative, the Court finds Plaintiffs unlikely to succeed on the merits of their substantive claims even if they were entitled to release.").

continue to follow MDH guidelines on testing. On this record, there is no evidence that the SCJ is ignoring any known health risk.

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. The parties' objections to the Report and Recommendation (ECF Nos. 98, 99) are OVERRULED;

2. The Report and Recommendation (ECF No. 94) is ACCEPTED; and

2. Petitioners' Motion for Temporary Restraining Order or Preliminary Injunction (ECF No. 43) is DENIED.

Dated: May 27, 2020               BY THE COURT:

                                  s/Nancy E. Brasel
                                  Nancy E. Brasel
                                  United States District Judge