# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

---

MOHAMMED S., et al,                        Case No. 20-CV-793 (NEB/ECW)

        Petitioners,

v.                                         ORDER ACCEPTING REPORT AND
                                                 RECOMMENDATION

LESLIE TRITTEN, MATTHEW T.
ALBENCE, U.S. IMMIGRATION AND
CUSTOMS ENFORCEMENT, CHAD
WOLF, WILLIAM P. BARR, and JOEL
BROTT,

        Respondents.

---

Petitioners are U.S. Immigration and Customs Enforcement detainees who have filed a petition for habeas corpus seeking release from their present detention at the Sherburne County Jail ("SCJ") due to the COVID-19 pandemic. (ECF No. 19 ("Amended Petition").) In May 2020, the Court denied Petitioners' motion for temporary restraining order or preliminary injunction, (ECF No. 43 "TRO Motion"), based on the thorough and well-reasoned report and recommendation of United States Magistrate Judge Elizabeth Cowan Wright. (ECF No. 126 ("TRO Order"); *see* ECF No. 94.)[1] Respondents then filed a

---

[1] After the Court issued the TRO Order, the parties initially stipulated to the dismissal of this matter. (ECF No. 127.) Petitioners then filed a motion to vacate and withdraw from the stipulation to dismiss. (ECF No. 132.) The Court granted that motion and vacated the order on the stipulation. (ECF No. 136.)

summary motion to dismiss the Amended Petition under 28 U.S.C. § 2243 because the TRO Motion and the Amended Petition seek the same relief. (ECF Nos. 137, 138.)

In a July 2, 2020 Report and Recommendation, Magistrate Judge Wright recommended that Respondents' summary motion to dismiss be granted, and that the Amended Petition be denied and dismissed without prejudice. (ECF No. 142 ("R&R").) Through their appointed counsel, Petitioners filed objections to the R&R. (ECF No. 144 ("Pet. Obj.").) In addition, Petitioners filed *pro se* motions to appoint new counsel and to keep the case open, (ECF Nos. 143, 146), and submitted "unsigned papers" purporting to be evidence of Respondents' deliberate indifference. (ECF Nos. 148, 148-1.)

## ANALYSIS

### I.     Petitioners' Objections to the R&R

According to statute, the Court must conduct a *de novo* review of any portion of the Magistrate Judge's opinion to which specific objections are made. 28 U.S.C. § 636(b)(1); *accord* D. Minn. LR 72.2(b)(3). Petitioners object to the R&R on the same grounds raised in their objections to Judge Wright's report and recommendation to deny the TRO Motion. (Pet. Obj. at 4–5 (citing Petitioners' TRO Motion, memoranda of law, and exhibits).) Petitioners maintain that they have demonstrated: (1) that they are exposed to a threat of irreparable harm as long as they remain incarcerated at the SCJ during the COVID-19 pandemic; (2) a likelihood of success on their Due Process claims where they established that Respondents acted with deliberate indifference to their health

and safety; and (3) that the balance of harms favors Petitioners' temporary release, especially for high-risk detainees. (*Id.*) In their *pro se* motion to keep the case open, Petitioners assert in general terms that "prisons have become the new hot spots for this pandemic," and that "a large number of high risk detainees in hot spots such as jails/prisons have tested positive and are expected to die in the coming months if not released." (ECF No. 146.) But Petitioners acknowledge that there have been no new confirmed cases of COVID-19 in the SCJ, nor "any substantial change in the health condition of any petitioner," and "no evidence that circumstances have substantially changed" regarding the procedures used to prevent the introduction or spread of COVID-19 within the SCJ. (Pet. Obj. at 4.)[2]

Petitioners also submitted to this Court (but not to the magistrate judge) *pro se* unsigned papers purporting to be new evidence Respondents' deliberate indifference. (ECF Nos. 148, 148-1.) The papers describe four Petitioners, each of whom allegedly: (1) exhibited various symptoms;[3] (2) twice submitted medical request forms to the SCJ

---

[2] Respondents report that as of July 16, 2020, "it remains the case that no confirmed cases of COVID-19 have occurred" at the SCJ, despite increased testing. (ECF No. 147 at 2 n.1.)

[3] The four Petitioners claim that they experienced the following symptoms: Mohammed S.—persistent cough, "HA" (presumably meaning head ache), malaise, "taste and smell" (presumably meaning a lack thereof); Marcel N.—cold symptoms (sneezing and coughing), "HA," sinusitis; Jose M.—"SOB" (presumably meaning shortness of breath), generalized weakness, and intermittent cough; and Gregorio G.—temperature and malaise. Of these symptoms, the Centers for Disease Control and Prevention ("CDC") identifies the following as symptoms of COVID-19: fever, cough, shortness of breath, fatigue, headache, and new loss of taste or smell. *See*

clinic for a COVID-19 test; (3) twice were refused a COVID-19 test "because there was no need;" (4) submitted kites to Immigration and Customs Enforcement ("ICE") after being refused the tests; and (5) ICE referred them back to the SCJ clinic. (ECF Nos. 148-1, *passim*.) These documents are not signed or dated, nor do they include the medical request forms or kites allegedly sent to SCJ and ICE, or responses thereto. Because Petitioners maintain that their current counsel has the original documents (*see* ECF Nos. 148, 148-1), the Court sets aside the significant issues with the admissibility of these documents for the present. Petitioners maintain that the documents show a pattern of Respondents' deliberate indifference because they failed to administer COVID-19 tests after being notified that four Petitioners exhibited some symptoms attributed to COVID-19.

"The subjective prong of deliberate indifference is an extremely high standard that requires a mental state of more than gross negligence," requiring a "mental state akin to criminal recklessness." *Saylor v. Nebraska*, 812 F.3d 637, 644 (8th Cir. 2016) (cleaned up). As noted in the TRO Order, the record before the Court indicates that COVID-19 testing supplies have been limited everywhere, the SCJ has followed the Minnesota Department of Health ("MDH") guidelines for testing, and those guidelines are influenced by national shortages of testing supplies. (*See* TRO Order at 7 (citing ECF No. 105 at 3–6).) The SCJ

https://www.cdc.gov/coronavirus/2019-ncov/symptoms-testing/symptoms.html (last visited Aug. 11, 2020); *see also* https://www.health.state.mn.us/diseases/coronavirus/symptoms.html (last visited Aug. 11, 2020) (identifying COVID-19 symptoms including fever, cough, shortness of breath, headache, fatigue, congestion, or loss of taste or smell).

has received additional tests, and has attested that it will continue to follow MDH guidelines on testing.[4] (*Id*.) Like other courts, this Court is sympathetic to those in custody "who are scared, and for whom a negative test would ease their worry, but [SCJ's] testing protocol is based on the current standard of care and does not constitute deliberate indifference." *Maney v. Brown*, No. 6:20-CV-00570-SB, 2020 WL 2839423, at *16 (D. Or. June 1, 2020) (finding that "Defendants' current testing policy, consistent with the CDC's Correctional Guidelines, does not rise to the level of deliberate indifference," despite plaintiffs' declarations that they exhibited some COVID-19 symptoms and had requested, but did not receive, COVID-19 tests); *see also Cameron v. Bouchard*, No. 20-1469, 2020 WL 3867393, at *7 n.2 (6th Cir. July 9, 2020) (finding no deliberate indifference, in part because "Plaintiffs presented no evidence as to whether it would have been feasible, given the shortage of testing kits, to test Mr. Briggs for COVID-19 earlier").

Based on a *de novo* review, the Court agrees with the parties and Judge Wright that the Amended Petition does not seek any further or different relief beyond the Petitioners' TRO Motion. (*See* ECF Nos. 138 at 1; Pet. Obj. at 3; R&R at 2–3.) Even considering the Petitioners' unsigned statements, the Court also finds no evidence of a change in circumstances at the SCJ sufficient to preclude dismissal of the Amended Petition,

---

[4] As of the date of this order, the MDH recommends that "[p]eople who have symptoms of COVID-19 should get tested. Talk to your health care provider." https://www.health.state.mn.us/diseases/coronavirus/symptoms.html (last visited Aug. 11, 2020).

particularly given that the dismissal is without prejudice. The Court therefore overrules Petitioners' objections, accepts the R&R, grants Respondents' summary motion to dismiss, and denies and dismisses the Amended Petition without prejudice.

## II.     Petitioners' Motion to Keep the Case Open

Because the Amended Petition is dismissed, the Court denies Petitioners' motion to keep the case open as moot.

## III.     Petitioners' Motion for New Counsel

Petitioners have requested new counsel. In federal habeas cases, district courts are to use the "interests of justice" standard to evaluate substitution motions. *United States v. Jones*, 795 F.3d 791, 797 n.3 (8th Cir. 2015) ("[18 U.S.C. §] 3006A applies the 'interests of justice' standard to substitution motions even when the Sixth Amendment does not require representation." (quoting *Martel v. Clair*, 132 S. Ct. 1276, 1286 (2012))).[5] In this "peculiarly context-specific inquiry," courts have considered: "the timeliness of the motion; the adequacy of the district court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown

---

[5] *See* 18 U.S.C. § 3006A(a)(2)(B) ("Whenever the United States magistrate judge or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who is seeking relief under section 2241, 2254, or 2255 of title 28."); 18 U.S.C. § 3006A(c) ("A person for whom counsel is appointed shall be represented at every stage of the proceedings from his initial appearance before the United States magistrate judge or the court through appeal, including ancillary matters appropriate to the proceedings. . . . The United States magistrate judge or the court may, *in the interests of justice*, substitute one appointed counsel for another at any stage of the proceedings.") (emphasis added).

in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Clair*, 132 S. Ct. at 1287 (citations omitted). "[C]ourts cannot properly resolve substitution motions without probing why a defendant wants a new lawyer." *Id.* at 1288 (citations omitted). However, where the claims a petitioner seeks to pursue with new counsel are futile, a court may deny a request to substitute counsel "even without the usually appropriate inquiry." *Id*. at 1289 ("The court was not required to appoint a new lawyer just so Clair could file a futile motion.").

Petitioners seek new counsel because they have "lost confidence" in their current counsel. (ECF Nos. 143, 146, 148.) This loss of confidence appears to be based in part on their counsel's initial agreement to a stipulation to dismissal. (*See* ECF No. 146 (asking the Court to "disregard any motion filed on our behalf by Mr. Goetz to dismiss our case and appoint a new counsel to act on our behalf").) The Court notes that Petitioners' counsel successfully moved to vacate and withdraw from that stipulation to dismissal. (ECF Nos. 132, 136.) Petitioners also seek "new counsel to act on our behalf to submit new evidence" of Respondents' deliberate indifference, because their current counsel "has not submitted that to [the] court despite repeated requests." (ECF No. 148.) Petitioners submitted copies of this new evidence (ECF No. 148-1), and the Court found it to be insufficient for the reasons set forth above. Because the issue Petitioners seeks to pursue with the help of new counsel is futile, the Court denies their request for new counsel. *See Clair*, 132 S. Ct. at 1289; *Mendoza v. Sec'y, Fla. Dep't of Corr.*, 800 F. App'x 746, 749 (11th

Cir. 2020) (finding district court's conclusion that claims plaintiff sought to pursue with the help of counsel were futile was sufficient reason to deny request for substitute counsel); *United States v. Conrad*, 560 F. App'x 638, 639 (8th Cir. 2014) (concluding district court did not abuse its discretion in denying request for substitute counsel based on the lack of merit of the motion defendant sought to pursue with the help of substitute counsel).

## CONCLUSION

Based upon all the files, records, and proceedings in the above-captioned matter, IT IS HEREBY ORDERED THAT:

1. Petitioners' objections to the Report and Recommendation (ECF No. 144) are OVERRULED;

2. The Report and Recommendation (ECF No. 142) is ACCEPTED;

3. Respondents' Summary Motion to Dismiss (ECF No. 137) is GRANTED;

4. Petitioners' Amended Petition (ECF No. 19) is DENIED and DISMISSED WITHOUT PREJUDICE;

5. Petitioners' motion to keep the case open (ECF No. 146) is DENIED AS MOOT; and

6.     Petitioners' motion to appoint new counsel (ECF No. 143) is DENIED.


LET JUDGMENT BE ENTERED ACCORDINGLY.


Dated: August 11, 2020                    BY THE COURT:

                                          s/Nancy E. Brasel
                                          Nancy E. Brasel
                                          United States District Judge